# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kevin L. Mitchell, | Case No. 2:19-cv-02089-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kaitlyn Marie Kirby, | |
| Defendant. | |

Presently before the court is Plaintiff's motion to amend his complaint. ECF No. 17. Defendant responded at ECF No. 19, and Plaintiff replied at ECF No. 20. For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

This is a case about a car accident. *See* ECF No. 19 at 3. Plaintiff, Mr. Mitchell, alleges that Defendant, Ms. Kirby, rear-ended him while driving her mother's car. *Id.* Mr. Mitchell originally only sued Ms. Kirby but now seeks leave to add her mother as a defendant, too. ECF No. 17. Ms. Kirby opposes Mr. Mitchell amending his complaint to add her mother, as discussed in more detail below. *See* ECF No. 19.

## DISCUSSION

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

1  amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).
2  "The standard for granting leave to amend is generous." *Id.*
3        Here, Mr. Mitchell argues that the Court should grant him leave to amend his complaint to
4  add Ms. Kirby's mother, Tammy Loukota, as a defendant. Mr. Mitchell argues that Ms. Kirby
5  was driving her mother's car at the time of the accident and that NRS 41.440 imposes liability on
6  the owner of any vehicle driven by their child. More specifically, NRS 41.440 provides a
7  mechanism for holding the owner of the vehicle jointly and severally liable with the child-driver
8  for any damages arising from the driver's negligence or willful misconduct. Accordingly, Mr.
9  Mitchell argues that Ms. Loukota, as the mother of Ms. Kirby and owner of the vehicle she was
10 driving when she allegedly hit Mr. Mitchell, is a proper defendant in this case.
11       Ms. Kirby opposes Mr. Mitchell's motion to amend. Ms. Kirby makes six arguments
12 regarding why Mr. Mitchell should not be allowed to amend his complaint.
13       First, Ms. Kirby argues that NRS 41.440 was enacted to allow a plaintiff to sue a family
14 member of a negligent driver as an additional source of recovery in the event the negligent driver
15 was judgment proof; that is the policy behind the statute. ECF No. 19 at 2. Ms. Kirby explains
16 that she and her mother are covered by the same insurance policy, and so adding her mother as a
17 defendant would not increase the policy limit potentially available to Mr. Mitchell. *Id.* In short,
18 Ms. Kirby argues that she is not the type of driver that NRS 41.440 was meant to reach—
19 someone who is financially independent from their parents and not judgment proof. *See id.* at 4.
20       Second, Ms. Kirby argues that her car insurance policy limit is $100,000 and Mr. Mitchell
21 recently made a settlement demand for $98,000. *Id.* Because Mr. Mitchell's settlement demand is
22 below Ms. Kirby's policy limit, there is no need to add Ms. Kirby's mother as a defendant in this
23 case. *Id.*
24       Third, Ms. Kirby suggests that Mr. Mitchell's motion should be denied because he unduly
25 delayed in moving to amend his complaint. *Id.* at 5. Ms. Kirby alleges that Mr. Mitchell has
26 known since the date of the accident that Ms. Kirby's mother was the owner of the vehicle but
27 instead waited until February of 2020 to move to amend. *Id.*
28

Fourth, Ms. Kirby argues that she is prejudiced by the motion to amend because she had to respond to it. *Id.*

Fifth, Ms. Kirby argues that she is prejudiced because she does not want her mother "dragged into this action." *Id.*

Sixth, Ms. Kirby argues that adding her mother may affect car insurance coverage for her and/or her mother. *Id.* Specifically, Ms. Kirby argues that it is possible that information could be "discovered during the litigation [that] raises questions regarding Kirby's eligibility for coverage under her mother's policy and triggers Loukota's insurer to seek declaratory relief that it does not owe Kirby, or Loukota, or both of them, indemnity." *Id.*

Mr. Mitchell rejects these arguments in his reply. ECF. No. 20. His overarching argument is that Ms. Kirby has not established that he should be denied leave under Federal Rule of Civil Procedure 15 to amend his complaint. He argues that Ms. Kirby's claims of "prejudice" (that she had to respond to the motion and she does not want her mother dragged into this action) are nothing more than her preferences about how she would like the case to proceed. *Id.* at 3. He also argues that information about car insurance policy limits are irrelevant; nothing confines his recovery to insurance policies. *Id.* at 4. Rather, he may recover from all liable individuals and entities. *Id.* Mr. Mitchell also argues that the parties' settlement negotiations are not relevant to whether Ms. Kirby's mother is a proper defendant in this case. *Id.* at 4.

The Court agrees with Mr. Mitchell that he should be granted leave to amend his complaint. Again, the Court considers five factors in determining whether leave should be given: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Corinthian Colleges*, 655 F.3d at 995.

Here, there is no evidence or argument that amendment is sought in bad faith, that it would be futile, or that Mr. Mitchell has previously amended his complaint.

Ms. Kirby does argue that Mr. Mitchell unduly delayed in filing his motion to amend. Ms. Kirby's argument that Mr. Mitchell unduly delayed in seeking amendment is three sentences. ECF No. 19 at 5. Other than citing a case for the general proposition that undue delay may be a reason to deny amendment, Ms. Kirby does not provide any authority to support her argument.

The Court "cannot 'manufacture arguments'" for a litigant and accordingly, will not attempt to flesh out this argument for Ms. Kirby. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Additionally, the Court notes that the deadline to amend pleadings was March 12, 2020 (ECF No. 11 at 2) and plaintiff filed this motion to amend on February 11, 2020 (ECF No. 17), well before the deadline.

Ms. Kirby also argues that she will be prejudiced by amendment. She first argues that she is prejudiced by the motion to amend because she had to respond to it. ECF No. 19 at 5. The Court rejects this argument, as accepting it would mean that prejudice would be established in all cases where an opponent had to respond to a motion to amend. Ms. Kirby also argues that she is prejudiced because she does not want her mother "dragged into this action." *Id.* The Court also rejects this argument. As Mr. Mitchell points out, this is not prejudice but simply a preference.

The Court is equally unpersuaded by Ms. Kirby's other arguments. With regard to her argument that she is not the type of defendant that NRS 41.440 was "meant" to reach, she does not dispute that the plain language of NRS 41.440 does, in fact, cover this situation such that her mother is a proper defendant in this case. Ms. Kirby's argument that Mr. Mitchell recently made a settlement demand for less than her insurance policy limit is also irrelevant to whether to her mother is a proper defendant in this case. The fact that Mr. Mitchell may be willing to settle for $98,000 has no bearing on the total damages he may be entitled to or who he may recover them from. Finally, Ms. Kirby's speculation that adding her mother may affect insurance coverage is also irrelevant to whether her mother is a proper defendant or whether the Court should grant leave to amend.

…

…

…

…

…

…

…

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 17) is GRANTED.

DATED: June 18, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE